HY–VEE FOOD STORES, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 19822.

United States Court of Appeals, Eighth Circuit.

June 5, 1970.

Neill Garrett, of Stewart, Garrett, Heartney, Jones & Watts, Des Moines, Iowa, for petitioner.

Janet C. McCaa, Atty., N. L. R. B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, N. L. R. B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B. and Elliott Moore, Atty., N. L. R. B., on the brief.

Before MATTHES, LAY and HEANEY, Circuit Judges.

PER CURIAM.

Hy-Vee Food Stores, Inc., has petitioned this court to review and set aside the order of the National Labor Relations Board issued May 21, 1969, and the supplemental order of the Board issued September 24, 1969. The Board has filed a cross-application for enforcement pursuant to § 10(e) and (f) of the Act.

The Board's original decision and order are reported at 176 NLRB No. 5; 71 LRRM 1271. The supplemental decision and order are reported at 178 NLRB No. 101; 72 LRRM 1190.

Following a hearing, the trial examiner filed an exhaustive decision. On the basis of the credited evidence the examiner found 'that petitioner had engaged in unfair labor practices in violation of § 8(a) (1) and (5) of the Act. The examiner recommended: (1) a cease and desist order; (2) that upon request petitioner recognized and bargain collectively with Amalgamated Meatcutters & Butcher Workmen of North America, AFL–CIO, Local Union 576, as the exclusive representative of the employees in the meat department of petitioner's store in Kirksville, Missouri. The examiner's findings and recommendations were adopted by the Board as evidenced by its original and supplemental decisions, *supra.*

Petitioner submits, on the basis of a number of points set out in its brief that the Board's decisions and orders are "arbitrary, capricious and un-American," and hence must be set aside. In our view, three basic questions are presented: (a) whether there is substantial evidence on the whole record within the teachings of the Supreme Court in *Universal Camera Corp. v. N. L. R. B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951) to support the Board's findings of § 8(a) (1) and (5) violations; (b) whether the order requiring the company to bargain with the Union is appropriate under the circumstances of this case; (c) whether the Board's unit determination is proper.

██ Pursuant to the admonition of the Supreme Court in *Universal Camera*, we have carefully canvassed the whole record and are left with the firm conviction that the Board's findings are supported by substantial evidence. Under the standard enunciated in *Universal Camera*, it is settled that a reviewing court may not " * * * displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matters been before it *de novo*." 340 U.S. at 488, 71 S.Ct. at 465. *Accord*, N. L. R. B. v. Walton Mfg. Co., 369 U.S. 404, 405, 82 S.Ct. 853, 7 L.Ed. 2d 829 (1962).

█ We are likewise convinced for the reasons enunciated by the Board in its supplemental decision, and on the authority of N. L. R. B. v. Gissel Packing Co., 395 U.S. 575, 613–616, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969) that the order requiring petitioner to recognize the union and bargain with it is proper.

█ Finally, we hold that the Board did not act arbitrarily or abuse its discretion in determining that the meat department employees constitute an appropriate unit. See Packard Motor Company v. N. L. R. B., 330 U.S. 485, 491, 67 S.Ct. 789, 91 L.Ed. 1040 (1947); N. L. R. B. v. William J. Burns In't. Detective Agency, 346 F.2d 897, 900 (8th Cir. 1965).

The petition to set aside the Board's order is denied. Enforcement of the order is granted.